# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **BRADFORD DUDLEY** § § **Plaintiff,** § § **VS.** § § **LIFE INSURANCE COMPANY OF NORTH AMERICA** § § **Defendant.** § § § § | Civil Action No. 3:11-cv-1511 |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Bradford Dudley ("Plaintiff") files this Plaintiff's Original Complaint against Life Insurance Company of North America ( "Defendant").

### I.
### Parties

2. Plaintiff is an individual who was employed by the Fidelity Investments ("Fidelity") which provided long term disability ("LTD") benefits funded by a policy of insurance issued to Fidelity Investments.

3. Defendant is an insurance company licensed to do business in Texas and issued group policy No.: FLK0980026 to Fidelity.

### II.
### Jurisdiction and Venue

4. This action against Defendant arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq*.

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).

6. Venue is proper in this District pursuant to 29 U.S.C § 1132(e)(2), because Defendant can be found in this District.

### III.
### Factual Background

7. Fidelity Investment Company Employee Welfare Plan ("Plan") was an employee benefit plan which provided LTD coverage for employees of Fidelity.

8. The Plan is subject to ERISA.

9. At all pertinent times, Plaintiff was an employee of Fidelity and was a participant, within the meaning of 29 U.S.C. § 1002(7), in the Plan.

10. Plaintiff suffers from numerous medical conditions. These various conditions would not and will not permit Plaintiff to perform the duties of any occupation as defined in the Policy.

11. Defendant ceased paying LTD benefits to Plaintiff on October 26, 2010.

12. In the termination letter, Defendant made a general identification of documents, but failed to identify any material or information necessary for Plaintiff to perfect Plaintiff's appeal, and the reason such material or information was necessary.

13. Plaintiff appealed Defendant's termination of Plaintiff's LTD benefits.

14. Defendant denied Plaintiff's appeals.

15. Defendant provided for a second appeal.

16. Plaintiff appealed Defendant's denial a second time.

17. Defendant failed to respond in a timely manner to Plaintiff's second appeal.

18. Plaintiff has complied with all requirements of the administrative appeal.

19. Plaintiff was and is disabled based on the definition of disability in the Policy.

20. The Defendant operated under a conflict of interest as it is both the determiner of claims and the payer of claims.

# IV.
# REQUEST FOR RELIEF
### Claim for Benefits Under the Policy

21. Plaintiff is entitled to LTD benefits under the Policy as Plaintiff met the definition of disability contained in the Policy.

22. Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Policy requirements.

23. Plaintiff is entitled to have the Court conduct a trial *de novo* of the issues stated herein.

24. In the alternative, Defendant's decision to deny Plaintiff's benefits was arbitrary and capricious.

25. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks from Defendant benefits which have not been paid to Plaintiff.

### In the alternative, Request for Remand

26. In the denial letter Defendant made a general identification of documents but failed to identify any material or information necessary for Plaintiff to perfect Plaintiff's appeal, and the reason such material or information was necessary.

27. Defendant selects and utilizes biased medical consultants to review claim files.

28. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests that the Court award Plaintiff benefits under the Policy or in the alternative, remand this claim to Defendant so that it:

   a. can identify the material necessary to perfect Plaintiff's claim and the reason why such information is necessary;

   b. can eliminate the conflict of interest and utilize unbiased record reviewers; and

    c.    can consult with the appropriate professional(s).

## V.
## COUNT TWO
## Attorney's Fees Pursuant to 29 U.S.C § 1132(g)(1)
## Against Defendant

29.    Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs, and attorney's fees in connection with the prosecution of this action.

## PRAYER

WHEREFORE, Plaintiff requests that the Court order:

1.    Defendant to pay Plaintiff the full employee benefits incurred and unpaid at the time of trial;

2.    Defendant to reinstate Plaintiff on the Policy for future payments in accordance with the terms and conditions of the Policy;

3.    Defendant to pay Plaintiff's reasonable attorney's fees incurred in pursuing recovery of benefits owed to Plaintiff.

4.    In the alternative, Plaintiff's claim be remanded to Defendant to comply with ERISA and/or the Plan as discussed herein;

5.    Defendant to pay Plaintiff pre-judgment and post-judgment interest; and

6.    That Plaintiff recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

    Respectfully submitted,

    /s/Bernard A. Guerrini
    Bernard A. Guerrini
    State Bar No. 08581700
    BERNARD A. GUERRINI, P.C.
    6500 Greenville Avenue, Suite 320

Dallas, Texas 75206
Phone: (214) 692-6556
Fax:    (214) 692-6578
guerrinipc@erisaltd.com

ATTORNEY FOR PLAINTIFF